UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Ryan Scott,<br><br>    Petitioner<br><br> v.<br><br>Najara, *et al.*,<br><br>    Respondents | Case No. 2:23-cv-00990-CDS-DJA<br><br>SCREENING ORDER |

 *Pro se* Petitioner Eric Ryan Scott filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1-1 ("Petition"). Scott also filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for counsel. ECF Nos. 1, 1-2. This matter comes before the court on initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Scott's motions. I grant Scott's IFP application and, for the reasons discussed below, I direct service of the Petition and grant the motion for counsel.

I. BACKGROUND[1]

 Scott challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Eric Scott*, case no. C-16-317818-1. On June 12, 2018, and August 30, 2018, the state court entered a judgment of conviction and amended judgment of conviction, respectively, pursuant to jury trial, convicting Scott of battery with the use of a deadly weapon resulting in substantial bodily harm, attempted murder with the use of a deadly weapon, and battery constituting domestic violence. Scott was sentenced to an aggregate term of 90 to 420 months (or 7.5 to 35 years). Scott appealed, and the Nevada Supreme Court affirmed on September 19, 2019. *Eric Ryan Scott v. State of Nevada*, case no. 72636. Remittitur issued on October 14, 2019.

---

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket records may be accessed by the public online at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On February 24, 2020, Scott filed a state petition for writ of habeas corpus. *Eric Scott v. Warden William Gittere*, case no. A-20-811342-W. The state court denied post-conviction relief on March 8, 2021. Scott filed a post-conviction appeal, and the Nevada Court of Appeals affirmed on February 9, 2022. *Eric Ryan Scott v. State of Nevada*, case no. 82616-COA. Remittitur issued on March 7, 2022.

On June 24, 2022, in his criminal case, case no. C-16-317818-1, Scott moved to modify his sentence. On November 23, 2022, the state court denied the motion. Scott appealed, and the case is currently pending with the Nevada Court of Appeals.[2] *See Eric Scott v. State*, case no. 85806-COA.

Scott's instant Petition was filed with this court on June 27, 2023.[3] ECF No. 1-1.

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). I find that a response is warranted in the instant case.

I now turn to Scott's motion for the appointment of counsel. ECF No. 1-2. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of

---

[2] Although Scott's appeal of the denial of his motion to modify his sentence is still pending, I note, without decided, that it appears that the three grounds in Scott's Petition have attempted to be exhausted through his direct appeal and post-conviction appeal proceedings.

[3] I note, without deciding, that Scott's motion to modify his sentence appears to statutorily toll his AEDPA limitations period. *See Tillema v. Long*, 253 F.3d 494, 499 (9th Cir. 2001) ("As there is no dispute that Tillema's motion to vacate attacked the pertinent judgment, AEDPA's limitation period was tolled during the pendency of that motion."), *overruled on other grounds by Pliler v. Ford*, 542 U.S. 225, 231 (2004).

counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, I provisionally appoint the Federal Public Defender to represent Scott. I find that appointment of counsel is in the interests of justice given, among other things, his rather lengthy aggregate sentence and his apparent mental health issues. *See* ECF No. 1-2 at 3.

### III.     CONCLUSION

It is therefore ordered that the motion for leave to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the clerk (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) electronically serve the Federal Public Defender a copy of this order and the petition (ECF No. 1-1), and (6) send a copy of this order to Scott and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Scott by filing a notice of appearance or (2) indicate the office's inability to represent Scott in these proceedings. If the Federal Public Defender is unable to represent Scott, I will appoint alternate counsel. Appointed counsel will represent Scott in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

1     It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Scott remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED: July 3, 2023

_____
UNITED STATES DISTRICT JUDGE