UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Casey Alan Johns, | Case No. 2:23-cv-00870-CDS-VCF |
| Petitioner | |
| v. | **Screening Order** |
| Perry Russell, *et al.*, | |
| Respondents | |

*Pro se* petitioner Casey Alan Johns filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1-1. On June 6, 2023, I ordered Johns to file an amended petition because his original petition was incomplete, confusing, and illegible. ECF No. 3. Johns timely complied, filing his amended petition on July 6, 2023. ECF No. 4. This matter comes before the court on initial review of Johns' amended petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Johns' motion for appointment of counsel. ECF No. 1-2. For the reasons discussed below, I direct service of the amended petition and grant the motion for counsel.

I.   BACKGROUND[1]

Johns challenges a conviction and sentence imposed by the Tenth Judicial District Court for Churchill County ("state court"). On June 24, 2020, the state court entered a judgment of conviction, pursuant to a jury verdict, of burglary with the possession of a firearm or deadly weapon, battery with the use of a deadly weapon causing substantial bodily harm, battery by a prisoner in lawful custody or confinement, home invasion with the possession of a firearm or deadly weapon, and obtaining or possessing a credit or debit card without consent. Johns was sentenced to an aggregate term of 12 to 33 years. It appears that Johns appealed and that the

---

[1] I take judicial notice of the online docket records of the Nevada appellate courts. These docket records may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do. In addition to these docket records, I have constructed these background facts from Johns' amended petition. Notably, the Tenth Judicial District Court for Churchill County does not have online docket records, so I have been unable to verify some of the information given in this section.

Nevada Court of Appeals affirmed on August 8, 2022. *See Casey Alan Johns v. State of Nevada*, 83064-COA. However, Johns states that he did not file an appeal.

Johns filed a state petition for writ of habeas corpus and an amended petition on September 22, 2021, and January 6, 2022, respectively. The state court denied the petitions as procedurally barred, and Johns appealed. The Nevada Court of Appeals affirmed on October 18, 2022, noting that Johns did not pursue a direct appeal. *See Casey Alan Johns v. Warden Perry Russell*, 84305-COA. Remittitur issued on November 15, 2022.

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). I find that a response is warranted in the instant case.

I now turn to Johns' motion for the appointment of counsel. ECF No. 1-2. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the amended petition and the motion for appointment of counsel, I will provisionally appoint the Federal Public Defender to represent Johns. I find that appointment of counsel is in the interests of justice given, among other things, the procedural history of Johns' state cases and his rather lengthy aggregate sentence.

### III. CONCLUSION

It is therefore ordered that the motion for appointment of counsel (ECF No. 1-2) is granted.

It is further ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (2) electronically serve the Nevada Attorney General with the amended petition (ECF No. 4), (3) electronically provide the Nevada Attorney General a copy of this order and all other filings in this matter by regenerating the notices of electronic filing, (4) electronically serve the Federal Public Defender a copy of this order and the amended petition (ECF No. 4), and (5) send a copy of this order to Johns at High Desert State Prison[2] and to the CJA Coordinator for this division.

It is further ordered that respondents' counsel enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Johns by filing a notice of appearance or (2) indicate the office's inability to represent Johns in these proceedings. If the Federal Public Defender is unable to represent Johns, I will appoint alternate counsel. Appointed counsel will represent Johns in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

---

[2] It appears that Johns has been relocated to High Desert State Prison. *See* ECF No. 6.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Johns remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED: July 26, 2023

_____
UNITED STATES DISTRICT JUDGE