UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Eric Ryan Scott,

    Petitioner

  v.

Najara, et al.,

    Respondents

Case No. 2:23-cv-00990-CDS-DJA

**Order Granting in Part Motion to Dismiss**

[ECF No. 19]

    Counseled petitioner Eric Ryan Scott, who is incarcerated in the custody of the Nevada Department of Corrections, petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his trial counsel was ineffective, the trial court erred in allowing prior bad act evidence to be admitted and refusing to give Scott's proposed jury instruction, there was insufficient evidence to support his convictions, and there was prosecutorial misconduct. ECF No. 15. Respondents move to dismiss Scott's first-amended petition as untimely, or, alternatively, move to dismiss grounds 1 and 6 as unexhausted and ground 6 as not cognizable. ECF No. 19. For the reasons set forth herein, I grant the motion, in part.

**I.    Background**

    A jury convicted Scott of battery with the use of a deadly weapon resulting in substantial bodily harm, attempted murder with the use of a deadly weapon, and battery constituting domestic violence. ECF No. 22-6. Scott was sentenced to an aggregate sentence of 90 to 420 months. *Id*. Scott appealed, and the Supreme Court of Nevada affirmed on September 19, 2019. ECF No. 22-13. Remittitur issued on October 14, 2019. ECF No. 22-14.

    Scott filed a state petition for postconviction relief on February 24, 2020. ECF No. 22-16. The state court denied Scott postconviction relief on March 8, 2021. ECF No. 22-31. Scott appealed, and on February 9, 2022, the Nevada Court of Appeals affirmed. ECF No. 23-3. Remittitur issued on March 7, 2022. ECF No. 23-4. On June 24, 2022, Scott moved to modify or correct his illegal sentence. ECF No. 23-9. The state court denied Scott's motion on November 23,

2022. ECF No. 23-17. Scott appealed, and the Nevada Court of Appeals affirmed on July 26, 2023. ECF No. 23-25. Remittitur issued on August 21, 2023. ECF No. 23-26.

Scott commenced this instant action on or about June 27, 2023. ECF No. 1. I appointed counsel for Scott, and Scott's counsel filed his first-amended petition on February 20, 2024. ECF No. 15. Respondents moved to dismiss the first-amended petition on May 1, 2024. ECF No. 19. Smith opposed the motion, and respondents replied. ECF Nos. 29, 30.

## II. Discussion

### A. Timeliness

Respondents argue that Scott's first-amended petition is untimely and must be dismissed. ECF No. 19 at 4. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding, or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

In this case, Scott's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on December 18, 2019. Scott's AEDPA limitations period began running the following day: December 19, 2019. Scott timely filed his state petition on February 24, 2020, tolling the AEDPA clock. As a result, 67 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 298 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his state petition. The remittitur was issued by the Supreme Court of Nevada on March 7, 2022. As such, Scott's AEDPA clock restarted on March 8, 2022.

Respondents contend that Scott's AEDPA clock expired 298 days later on January 2, 2023, making Scott's commencement of this instant action on June 27, 2023, untimely. ECF No. 19 at 5–6. Scott contends that his motion to modify his illegal sentence, which was filed on June 24, 2022, tolled his AEDPA limitations period until August 21, 2023, making his commencement of the instant action and the filing of his first-amended petition timely. ECF No. 29 at 5. Respondents rebut that Scott's motion to modify his illegal sentence could not toll his AEDPA limitations period because it was not properly filed under 28 U.S.C. § 2244(d)(2). ECF No. 19 at 5–6.

28 U.S.C. 2244(d)(2) permits statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The United States Supreme Court has found that an application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal footnote omitted). In *Bennett*, the Court made clear that "whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* (emphasis in original); *see also Tillema v. Long*, 253 F.3d 494, 499 (9th Cir. 2001) ("'[P]roperly filed' refers solely to requirements for filing, not to requirements for obtaining relief."), *overruled on other grounds by Pliler v. Ford*, 542 U.S. 225 (2004); *see also Gaston v. Palmer*, 417


F.3d 1030, 1039 (9th Cir. 2005) (holding that "because [the Petitioner's] sixth state application's delivery and acceptance [was] in compliance with the applicable laws and rules governing filings, it was properly filed despite being procedurally flawed, and therefore may properly be used for purposes of § 2244(d)(2) tolling" (internal quotation marks omitted) (second alteration in original)), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006).

Here, in his motion to modify his illegal sentence, "Scott claimed that he should have been sentenced for a misdemeanor first offense domestic battery instead of a felony because the two prior convictions used by the State were committed by his brother." ECF No. 23-25 at 2. The state court denied the motion, finding that "there is no illegal sentence under the law." ECF No. 23-17. In deciding Scott's appeal of the denial of his motion, the Nevada Court of Appeals explained that, under Nevada law, "[a] motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." ECF No. 23-25 at 2 (citing *Edwards v. State*, 918 P.2d 321, 324 (1996)). The Supreme Court of Nevada then explained that "[a] motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum." *Id*. The Supreme Court of Nevada affirmed the denial of Scott's motion because (1) Scott "failed to demonstrate that his sentence was based on mistaken assumptions about his criminal record that worked to his extreme detriment," and (2) his claim "was outside the scope of claims permissible in a motion to correct an illegal sentence." *Id*. at 2–3.

Although the Supreme Court of Nevada found that Scott's claim "was outside the scope of claims permissible in a motion to correct an illegal sentence," neither the state court nor the Supreme Court of Nevada denied Scott's motion based on a provision set forth as a condition to filing. Rather, it appears that the state court decided the motion on its merits and that the Supreme Court of Nevada denied the motion because it lacked merit and failed to meet a condition to obtaining relief. *See Artuz*, 531 U.S. at 11 (holding that a motion to vacate may violate the state procedural bars and thus "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met . . . for purposes of § 2244(d)(2)"); *see*

*also See Gaston*, 417 F.3d at 1038 ("A decision on the merits necessarily implies that an application was 'properly filed.'"). Accordingly, I am satisfied that the motion to correct illegal sentence was a properly filed motion for collateral review that qualified for tolling under 28 U.S.C. § 2244(d)(2).

As such, Scott's AEDPA limitations period was tolled from June 24, 2022, until August 21, 2023, during the pendency of all proceedings related to his motion to correct illegal sentence. As a result, 108 days elapsed between the finality of Scott's state habeas proceedings and the filing of his motion to correct illegal sentence, meaning Scott had 190 days (365 days minus 108 days minus the 67 days that elapsed between the finality of the judgment and the filing of the state petition) left on his AEDPA clock. Because Scott's AEDPA clock restarted on August 21, 2023, it expired 190 days later on February 27, 2024. Since Scott filed his first-amended petition on February 20, 2024, seven days before his AEDPA clock expired, I find that his first-amended petition is timely.

### B. Exhaustion

Respondents argue that grounds 1 and 6 are unexhausted. A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To fully and fairly present a claim, a petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

In ground 1, Scott raises six subclaims regarding the ineffective assistance of his trial counsel. ECF No. 15. Scott admits that ground 1 is unexhausted, but he submits that it is

technically exhausted and procedurally defaulted and that he can overcome the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). ECF No. 29 at 9.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Scott would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, this Court has generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted because the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. at 9. The Supreme Court of Nevada does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Scott advances only *Martinez* as a basis for excusing the anticipatory default of ground 1. *See* ECF No. 29. Accordingly, I consider ground 1 technically exhausted and procedurally defaulted. Because the cause and prejudice questions of overcoming the procedural default of ground 1 are necessarily intertwined with the merits of ground 1, I defer a determination of whether Scott can overcome the procedural default of ground 1 until the time of merits determination.

Turning to ground 6, Scott alleges that "cumulative error warrants reversal." ECF No. 15 at 30. Scott admits that ground 6 is unexhausted, but he argues that I should still conduct a cumulative error analysis because "[t]he failure to undertake this analysis would contravene Supreme Court and Ninth Circuit precedent." ECF No. 29 at 11. None of the cases Scott cites hold that cumulative-error claims are exempted from the statutory exhaustion requirement in § 2254(b)(1)(A). Instead, Ninth Circuit case law holds that such claims must be exhausted. *See Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) ("[A] cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted."). Accordingly, I find that ground 6 is unexhausted.

### C. Cognizable claim

Respondents argue that ground 6 does not raise a cognizable claim because "[c]umulative error claims are not cognizable on federal habeas review." ECF No. 19 at 13. I disagree. When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68. Because United States Supreme Court precedent has clearly established the cumulative error doctrine, ground 6 is cognizable. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair.").

### III. Options regarding ground 6

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, I concluded that ground 6 is unexhausted. Because the first-amended petition contains an unexhausted claim, Scott has these options: (1) he may submit a sworn declaration voluntarily abandoning ground 6, (2) he may return to state court to exhaust ground 6, in which case his federal habeas petition will be denied without prejudice,[1] or (3) he may file a motion asking this matter to be stayed while he returns to state court to exhaust ground 6.

### IV. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 19] is GRANTED in part** as follows: (1) ground 1 is technically exhausted and procedurally defaulted, and I defer consideration of whether Scott can demonstrate cause and prejudice under *Martinez* to overcome the procedural default of ground 1 until after the filing of an answer and reply in this action, and (2) ground 6 is cognizable but unexhausted.

IT IS FURTHER ORDERED that Scott has until July 11, 2024 to indicate how he wishes to proceed on ground 6 as outlined in this order. If Scott chooses to file a motion for a stay or seek other appropriate relief, respondents may respond according to Local Rule 7-2.

Dated: June 11, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] I make no assurances as to the timeliness of any future-filed petition.